UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DESHODAX LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>HUAWEI TECHNOLOGIES USA, INC.,<br><br>      Defendant. | No. 5:17-cv-<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Deshodax LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1.	Plaintiff Deshodax LLC is a Texas limited liability company with a principal office at 3000 Custer Road, Suite 270-7001, Plano, Texas 75075.

2.	Defendant Huawei Technologies USA, Inc., is a Texas corporation with a principal office at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.  Defendant may be served with process at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.	This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.	Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.	Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6.  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENT-IN-SUIT

7.  On December 11, 2007, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,307,398 (the "398 patent"), entitled "Image Processing Device and Method for Controlling a Motor System."  A true and correct copy of the 398 patent is attached at Exhibit A.

8.  The 398 patent is presumed valid under 35 U.S.C. § 282(a).

9.  Plaintiff is the owner and assignee of all substantial rights, title, and interest in the 398 patent.

## THE ACCUSED PRODUCT

10. Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 398 patent.

11. Defendant's Accused Product is its Huawei Honor 7 smartphone.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,307,398

12. Plaintiff incorporates by reference each of its foregoing allegations.

13. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 398 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

14. Defendant directly infringes at least Claim 8 of the 398 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using (at least by testing the Accused Product before selling), offering for sale, selling, or importing within this District and the United States its Accused Product as explained in Exhibit B.

15. Claim 8 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

16. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes Claim 8 upon a plain reading of this Complaint, the 398 patent, and Claim 8.

17. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.  Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

18. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 398 patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 398 patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: April 11, 2017    Respectfully submitted,

_____
Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff
Deshodax LLC*